# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BAYER HEALTHCARE
PHARMACEUTICALS INC., *et al*.,

    Plaintiffs/Counterdefendants,

v.

WATSON PHARMACEUTICALS, INC., *et al*.,

    Defendants/Counterclaimants.

Case No. 2:07-CV-01472-KJD-GWF

**ORDER**

    Presently before the Court is Counterdefendants' Motion to Dismiss Sandoz's Seventh and Eighth Counterclaims (#188). Counterclaimant Sandoz filed a response in opposition (#198) to which Counterdefendant replied (#203).

    Plaintiff Bayer Schering Pharma AG ("Bayer") owns U.S. Reissue Patent No. 37, 564 ("the '564 reissue patent") and U.S. Reissue Patent No. 37, 838 ("the '838 reissue patent")(collectively, the "Spona patents"). The Spona patents cover Bayer's oral contraceptive YAZ® ("YAZ") tablets. Defendant Sandoz filed an ANDA with the FDA for permission to market a generic version of YAZ

tablets prior to the expiration of the Spona patents and made a paragraph IV certification as to '564 and '838.[1]

Pursuant to Hatch-Waxman, Bayer sued Sandoz for patent infringement. In response Sandoz asserted counterclaims for violations of the Sherman Act and violations of state law. Specifically, Counterclaimant alleged in its seventh cause of action claims for attempted monopolization and monopolization in violation of Section 2 of the Sherman Act as well as conspiracy to monopolize and conspiracy in restraint of trade in violation of Section 1 of the Sherman Act. In its eighth cause of action, Sandoz alleged claims for violations of Nevada's Unfair Deceptive Trade Practices Act and Unfair Trade Practices Act. On March 31, 2010, the Court granted (#143) Counterdefendants' motion to dismiss Counterclaimant Sandoz's seventh cause of action and eighth cause of action, but granted Sandoz leave to amend.

On April 15, 2010, Sandoz filed its Amended Answer and Counterclaims (#147) asserting further facts in support of its claim for violations of the Sherman Act. Counterdefendant has again moved to dismiss those claims. Having read and considered the motion and briefing, the Court denies Counterdefendants' motion to dismiss. Counterclaimant has adequately pled facts in its amended counterclaim which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" in relation to the Sherman Act claims. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To the extent that Counterclaimant's Amended Counterclaims assert violations of Nevada's Deceptive Trade Practices Act ("DTPA"), the Court grants Counterdefendants' motion to dismiss those claims. Sandoz failed to file any opposition to the motion to dismiss these claims. Furthermore, there is no private right of action under the DTPA and the Amended Counterclaim does not sufficiently identify illegal trade practices as defined or enumerated by the DTPA. See generally, Baldonado v. Wynn Las Vegas, LLC, 194 P.3d 96 (Nev. 2008); Nev. Rev. Stat. §§ 598.0915-25.

---

[1] Defendants no longer oppose Plaintiffs' claim that their ANDA's infringe on Plaintiffs' '564 patent.

Accordingly, IT IS HEREBY ORDERED that Counterdefendants' Motion to Dismiss Sandoz's Seventh and Eighth Counterclaims (#188) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Counterdefendants' motion to dismiss Sandoz's Sherman Act claims in the Seventh Counterclaim is **DENIED**;

IT IS FURTHER ORDERED that Counterdefendants' motion to dismiss Sandoz's DPTA claims in the Eighth Counterclaim is **GRANTED**.

DATED this 30th day of March 2011.

Kent J. Dawson
United States District Judge